IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELVIN D. PHILLIPS     PLAINTIFF

v.     CIVIL NO. 10-2191

MICHAEL J. ASTRUE, Commissioner
Social Security Administration     DEFENDANT

## **ORDER**

Plaintiff, Melvin D. Phillips, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. ECF No. 1. Defendant filed an answer to Plaintiff's action on February 22, 2011, asserting that the findings of the Commissioner were supported by substantial evidence. ECF No. 7.

On April 15, 2011, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. ECF No. 9. Specifically, the Commissioner seeks remand to allow the Administrative Law Judge ("ALJ") to request updated reports from treating sources, obtain a mental status examination and/or expert medical evidence as necessary to clarify the record, and receive further vocational input in light of the newly acquired evidence. ECF No. 9.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests

a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand to allow the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, the Commissioner's motion is granted and the case will be remanded to the Commissioner for further administrative action pursuant to sentence four of section 405(g).

IT IS SO ORDERED this 15th day of April 2011.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE